# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3489 PA (Ex) | Date | April 27, 2011 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Pejman Elyasi, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Joseph Dugan ("Defendant")[1] on April 22, 2011. (Docket No. 1.) Plaintiff U.S. Bank National Association's ("Plaintiff") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action under state law for unlawful detainer.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

---

[1] Although Dugan is not named as a defendant in the underlying Complaint, it appears that he may be an occupant of the Property.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-3489 PA (Ex) | Date | April 27, 2011 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Pejman Elyasi, et al. | | |

     Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Defendant alleges that he "will not be able to receive a fair hearing or trial in the state Superior Court for Los Angeles County . . . because the Superior Court for Los Angeles County will ignore any evidence if there is a trustee's deed upon sell [sic], whether valid or invalid, denying defendant an opportunity to be heard." (Notice of Removal ¶ 10.) However, a conclusory allegation concerning due process is not sufficient to establish any federal question. Defendant's vague assertion that this action involves a "federally related mortgage" is also insufficient to demonstrate that a the Complaint contains any federal claim. (Id. ¶ 9.) Defendant does not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. As such, Defendant has not met his burden to establish federal question jurisdiction.

     Alternatively, a federal court can have diversity jurisdiction under 28 U.S.C. § 1332. In order to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. However, the Notice of Removal makes no attempt to allege the citizenship of any party, nor does it make any attempt to allege that the amount in controversy exceeds $75,000. In fact, the caption of the Complaint states that the "amount demanded does not exceed $10,000." Defendant has thus also failed to establish that there is diversity jurisdiction over this action.

     For the foregoing reasons, Defendant has failed to meet his burden of showing that federal question jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 10U03212. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.